UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 3, 2019

LETTER TO COUNSEL

   RE: *Jasma A. v. Commissioner, Social Security Administration*;
      Civil No. SAG-18-2719

Dear Counsel:

  On September 4, 2018, Plaintiff Jasma A. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 14, 19. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

  After prior denials of benefits, Plaintiff filed the instant claims for benefits on December 5, 2016, alleging an onset date of January 1, 2013. Tr. 230-245. Her claims were denied initially and on reconsideration. Tr. 146-53, 156-61. A hearing was held on April 3, 2018, before an Administrative Law Judge ("ALJ"). Tr. 31-89. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-24. The Appeals Council declined review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

  The ALJ found that, during the relevant time frame, Plaintiff suffered from the severe impairments of "bilateral plantar fasciitis; lumbar spine degenerative disc disease; major depressive disorder; and anxiety disorder." Tr. 16. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions: occasionally climbing ramps or stairs; never climbing ladders, ropes or scaffolds; and occasionally stooping or crawling. Due to mental impairment, the claimant is limited to the following: performing simple and routine tasks, but not at a production-rate pace; maintaining pace with normal breaks; and occasionally interacting with co-workers, supervisors and the general public.

Tr. 18. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform her past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 22-23. Therefore, the ALJ concluded that Plaintiff was not disabled during the relevant time frame. Tr. 24.

Plaintiff raises three primary arguments on appeal: (1) that the ALJ did not provide a sufficient narrative discussion in support of her conclusion; (2) that the ALJ failed to incorporate a definition of "production-rate pace" as required by *Thomas v. Berryhill*, 916 F.3d 307 (4th Cir. 2019); and (3) that the ALJ failed to include an explanation as to how the RFC assessment would address Plaintiff's moderate limitations in concentration, persistence, or pace, in violation of *Mascio v. Colvin,* 780 F.3d 632, 636 (4th Cir. 2015). I agree with Plaintiff's *Thomas* argument, and I therefore grant remand under sentence four. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Beginning with the successful argument, Plaintiff cites *Thomas* for the proposition that remand is warranted where a limitation proposed by the ALJ in his RFC assessment is not defined or explained. ECF 14-1 at 7. In *Thomas*, the Fourth Circuit held that the ALJ's failure to define "production rate or demand pace" was fatal to the RFC assessment, because the lack of clarity frustrated appellate review. 916 F.3d at 312; *see also Perry v. Berryhill*, 765 F. App'x 869, 872 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). The term "production-rate pace," used in this case, is directly analogous to the terms deemed problematic in *Thomas*.[1] The Commissioner contends that the additional related limitation in this case, stating that Plaintiff is limited to "maintaining pace with normal breaks," distinguishes this case from *Thomas.* ECF 19-1 at 10. While the additional limitation was not present in *Thomas,* it does not assist this Court in determining what constitutes a "production-rate pace," versus the type of pace Plaintiff is capable of maintaining with normal breaks. Therefore, remand is warranted to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion.

Because the "production-rate pace" limitation is unclear, this Court is unable to determine whether the ALJ's RFC limitations satisfied *Mascio,* with respect to addressing Plaintiff's moderate limitation in concentration, persistence, or pace. Similarly, Plaintiff's largely boilerplate first argument, addressing the adequacy of the ALJ's narrative discussion, will be best adjudicated following remand for a more complete discussion of Plaintiff's mental capabilities.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 14, is DENIED and Defendant's Motion for Summary Judgment, ECF 19, is DENIED. Pursuant to

---

[1] The limitation in this case is readily distinguishable from the cases in which the ALJ provides a more detailed definition of a production-related limitation. *See, e.g., Teresa B. v. Comm'r, Soc. Sec. Admin.,* No. CV SAG-18-2280, 2019 WL 2503502, at *2 (D. Md. June 17, 2019) (upholding a limitation to "no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other.").

sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion. A separate order will issue.

                                    Sincerely yours,

                                      /s/

                                    Stephanie A. Gallagher
                                    United States Magistrate Judge